UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT CASILLA ROSARIO,

                              Petitioner,                        Case # 23-CV-6424-FPG

v.

                                                             DECISION AND ORDER

JEFFREY SEARLS,
in his official capacity as Officer-in-Charge,
Buffalo Federal Detention Facility,
U.S. Immigration and Customs Enforcement,
U.S. Department of Homeland Security,

                              Respondent.
_____

## INTRODUCTION

Petitioner Robert Casilla Rosario ("Casilla") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Respondent opposes the petition. ECF No. 4. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED.

## BACKGROUND

The following facts are taken from the record. Casilla is a native and citizen of the Dominican Republic who, in 1998, arrived in the United States at five years of age as a lawful permanent resident ("LPR"). ECF No. 4-1 ¶ 5. From 2015 to 2019, Casilla was convicted of several crimes, including, among others, second-degree assault, seventh-degree criminal possession of a controlled substance, and first-degree reckless endangerment. *See* ECF No. 4-1 ¶¶ 6-13; ECF No. 4-2 at 19. On December 15, 2020, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") ordering Casilla to appear before an immigration judge ("IJ") on March 3, 2021. ECF No. 4-1 ¶ 16. On May 24, 2021, the IJ granted Casilla's motion to

terminate the proceedings due to service issues with the NTA. *Id.* ¶ 20. Then, on June 3, 2021, DHS issued a NTA asserting that Casilla was removable under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended ("INA"), in that "any time after admission, [he] has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct." *Id.* ¶¶ 22-23; ECF No. 4-2 at 5. The NTA further asserted that he was removable under section 237(a)(2)(A)(iii) of the INA, in that "any time after admission, [he has] been convicted of" certain aggravated felonies as defined in section 101(a)(43)(F) and (U). ECF No. 4-2 at 5. On August 4, 2022, Casilla was taken into DHS custody after being released from state prison. ECF No. 4-1 ¶ 31.

Prior to Casilla's release from state custody, on March 2, 2022, an IJ ordered Casilla removed to the Dominican Republic. ECF No. 4-1 ¶ 26. Casilla appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on July 11, 2022. *Id.* ¶¶ 27, 29. He filed a petition for review in the United States Court of Appeals for the Second Circuit on August 9, 2022 and a motion for an emergency stay of removal on August 22, 2022. *Id.* ¶¶ 32-33. The Second Circuit granted the stay on October 19, 2022. *Id.* ¶ 34.

After one of his prior convictions was vacated, Casilla filed a motion to reopen, ECF No. 1 ¶¶ 17-18, and on May 23, 2023, the BIA reopened his removal proceedings for the sole purpose of considering his eligibility for cancellation of removal, ECF No. 4-1 ¶ 39. The Second Circuit dismissed Casilla's petition for review after the BIA granted reopening. ECF No. 1 ¶ 18. Casilla filed an application for cancellation of removal for certain permanent residents on August 7, 2023, and on September 21, 2023, the IJ found Casilla removable, ordered him removed to the Dominican Republic, and denied his application for cancellation of removal. ECF No. 4-1 ¶¶ 41-47. On October 23, 2023, the BIA received Petitioner's notice of appeal challenging the IJ's order of removal. ECF No. 5-1 at 2.

On July 31, 2023, Casilla filed the present petition. ECF No. 1. At this point, he has been detained by immigration authorities for over fifteen months.

## DISCUSSION

Casilla argues that because his detention has been unreasonably prolonged, he is entitled to a bond hearing before a neutral decisionmaker wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness. ECF No. 1 ¶¶ 37-39. He further argues that, at any such hearing, the decisionmaker must consider whether less restrictive alternatives to physical detention could reasonably address those risks. *See id.* ¶ 39. The Court agrees.

In several provisions, the INA authorizes the detention of noncitizens[1] pending removal. Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain a noncitizen pending a decision on whether he is "to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). While the default rule is that officials may release a noncitizen on bond or conditional parole, section 1226(c) "carves out a statutory category of [noncitizens] who may not be released." *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018). The parties agree that Casilla is detained pursuant to section 1226(c). *See* ECF No. 1 ¶ 27; ECF No. 4-3 at 6.

Although section 1226(c) "mandates detention of any [noncitizen] falling within its scope" and does not contemplate periodic bond hearings, *Jennings*, 138 S. Ct. at 842, 847, this Court has repeatedly held that mandatory detention under section 1226(c) may violate a noncitizen's procedural due process rights if he is held for an unreasonably long period. *See e.g.*, *Moco v. Searls*, No. 23-CV-6316-FPG, 2023 WL 7069755, at *2-3 (W.D.N.Y. Oct. 26, 2023); *Meija Nunez*

---

[1] The Court uses the term "noncitizen" as equivalent to the statutory term "alien." *Barton v. Barr*, 140 S. Ct. 1442, 1446 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

3

*v. Searls*, No. 23-CV-6300-FPG, 2023 WL 6499264, at *2 (W.D.N.Y. Oct. 5, 2023); *Adegor-Ederaine v. Garland*, No. 22-CV-6109-FPG, 2022 WL 4280812, at *2 (W.D.N.Y. Aug. 1, 2022). To determine whether a noncitizen's continued detention under section 1226(c) has violated his procedural due process rights, the Court first considers whether he has been held for an "unreasonably long period." *Adegor-Ederaine*, 2022 WL 4280812, at *2; *see also Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y. Feb. 27, 2019). If he has, the Court proceeds to analyze whether he has received sufficient process to justify such detention. *Adegor-Ederaine*, 2022 WL 4280812, at *2.

When evaluating whether a petitioner's detention has been unreasonably prolonged, "two factors of particular importance are (1) the length of detention and (2) the reason for delay." *Vasquez-Ramos v. Barr*, No. 20-CV-6206-FPG, 2020 WL 13554810, at *4 (W.D.N.Y. June 26, 2020). There is no set period beyond which the length of detention weighs in a petitioner's favor. However, after twelve months, courts become "extremely wary" of continued detention without a bond hearing. *Fremont v. Barr*, No. 18-CV-1128-LJV, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019); *see also Adegor-Ederaine*, 2022 WL 4280812, at *2. But lesser periods of time may be constitutionally suspect too, and this Court has therefore concluded that periods ranging from nearly nine months to ten months may also weigh in a petitioner's favor, depending on the circumstances. *See e.g.*, *Destyl v. Garland*, No. 23-CV-6021-FPG, 2023 WL 3603666, at *3 (W.D.N.Y. May 23, 2023) (ten months); *Vasquez-Ramos*, 2020 WL 13554810, at *5 (ten months); *Balogun v. Wolf*, No. 20-CV-6574-FPG, 2020 WL 13553495, at *5 (W.D.N.Y. Dec. 3, 2020) (eight months and 23 days).

In any event, Casilla has now been detained for over fifteen months and the length of his detention therefore weighs in his favor. *See Adegor-Ederaine*, 2022 WL 4280812, at *2. Moreover, he is still in removal proceedings, and it appears that his appeal is still pending before

the BIA.  "[P]articularly because [Casilla] is still in the administrative phase of his removal proceedings," the Court finds that "the length of detention militates in [his] favor."  *Gutierrez v. Barr*, No. 20-CV-6078-FPG, 2020 WL 2059845, at *2 (W.D.N.Y. Apr. 29, 2020).

Furthermore, the delay appears to be attributable to the normal administrative and appeals process.  While Respondent states that Casilla is the only party who has requested extensions of time, *see* ECF No. 4-1 ¶¶ 28, 43; ECF No. 4-3 at 11, there is no evidence that Casilla has abused the processes available to him or otherwise maliciously delayed the proceedings.  At most, Respondent argues that he is unlikely to succeed on appeal.  ECF No. 4-3 at 11-12.  This is significant, as the Second Circuit has distinguished those petitioners who have "substantially prolonged [their] stay by abusing the processes provided to [them]" from those who have "simply made use of the statutorily permitted appeals process."  *Hechavarria*, 891 F.3d at 56 n.6.  In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged."  *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6.  Absent evidence of bad faith or abuse, the Court will not hold Casilla's use of the normal administrative and appeals process against him.

Respondent appears to further contend that Casilla's criminal history, including his criminal conduct while incarcerated, weighs against finding that his detention has been unreasonably prolonged.  *See* ECF No. 4-3 at 14-15.  The Court disagrees.  Whether Casilla poses a danger to the community, as Respondent suggests he does, is a proper inquiry for a bond hearing; "it is not relevant to this Court's inquiry regarding the reasonableness of [the duration of] his civil detention."  *Vasquez-Ramos*, 2020 WL 13554810, at *4.

Having concluded that Casilla's detention has been unreasonably prolonged, the Court proceeds to analyze whether he has received sufficient process to justify his continued detention.  *See Agedor-Ederaine*, 2022 WL 4280812, at *2.  He has not.  Although DHS has reviewed

5

Casilla's detention pursuant to 8 C.F.R. § 241.4 as recently as May 11, 2023, *see* ECF No. 4-1 ¶¶ 37-38, such proceedings are inadequate to justify his continued detention for two reasons. First, in those proceedings, Casilla bore the burden of "demonstrat[ing] to the satisfaction of the Attorney General or [his] designee that his . . . release [would] not pose a danger to the community or to the safety of other persons or to property or a significant risk of flight."  8 C.F.R. § 241.4(d)(1). Second, an Immigration and Customs Enforcement ("ICE") official—not a neutral decisionmaker—made those custody determinations.  *See* ECF No. 4-2 at 23, 43 (custody redetermination decisions signed by ICE Unit Chief); *see also Rodriguez v. Barr*, 488 F. Supp. 3d 29, 42 (W.D.N.Y. 2020) (concluding that such procedures resulted in a significant risk of an erroneous deprivation of noncitizen's liberty interests).  "Now that [Casilla's] detention has become unreasonably prolonged, due process requires a greater opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Rodriguez*, 488 F. Supp. 3d at 42 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Accordingly, after over fifteen months in custody without a constitutionally adequate opportunity to be heard,  Casilla is entitled to relief in the form of a bond hearing before an IJ with proper procedural safeguards, namely, (1) the government must bear the burden of proving by clear and convincing evidence that Casilla continues to pose and presently poses a flight risk or a danger to the community and (2) before concluding that Casilla's continued detention is justified, the IJ must also consider less restrictive alternatives to detention, and find that no condition or combination of conditions short of detention can reasonably assure his appearance and the safety of the community.  *Adegor-Ederaine*, 2022 WL 4280812, at *2-3 (citing *Fremont* 2019 WL 1471006, at *7-8).

6

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas corpus relief under 28 U.S.C. § 2241 and the petition, ECF No. 1, is GRANTED.

On or before November 28, 2023, Respondent shall hold a bond hearing for Petitioner before an IJ, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. To conclude that detention is justified, the IJ must also find that there exists no less restrictive alternative to detention that could reasonably assure his appearance and the safety of the community. If a bond hearing is not held on or before November 28, 2023, Respondent shall release Petitioner immediately with appropriate conditions of supervision. By December 4, 2023, Respondent shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.

IT IS SO ORDERED.

Dated: November 7, 2023
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York